**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5060-15T1

INDYMAC VENTURE, LLC,

    Plaintiff-Respondent,

v.

CARMINE E. GIORDANO and
SHERYL A. GIORDANO, husband
and wife,

    Defendants-Appellants,

and

LLANFAIR HOUSE CARE AND
REHABILITATION CENTER,

    Defendant.

_____

        Submitted October 10, 2017 — Decided November 9, 2017

        Before Judges Accurso and O'Connor.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Bergen County, Docket No.
        F-011876-12.

        Carmine E. Giordano and Sheryl A. Giordano,
        appellants pro se.

        Fein, Such, Kahn & Shepard, PC, attorneys
        for respondent (Joshua B. Sears, on the
        brief).

PER CURIAM

In this mortgage foreclosure action, defendants Carmine E. Giordano and Sheryl A. Giordano appeal from the May 20, 2016 final judgment of foreclosure entered in favor of plaintiff Indymac Venture, LLC.[1] Defendants also appeal from five pendente lite orders, entered April 19, 2013, April 1, 2014, December 9, 2014, March 20, 2015, and April 29, 2016. Following our review of the record and applicable legal principles, we affirm.

I

We glean the following from the motion record. In 2003, defendants obtained a loan in the amount of $340,000 from IndyMac Bank, FSB. In consideration for that loan, defendants executed a note and mortgage in favor of IndyMac Bank, FSB.

Subsequently, IndyMac Bank, FSB failed as an institution and, in 2009, the Federal Deposit Insurance Corporation (FDIC) became its receiver. Thereafter, on June 24, 2009, the FDIC assigned defendants' mortgage to IndyMac Venture, LLC. On January 27, 2012, IndyMac Venture, LLC assigned the mortgage to

_____

[1] Defendant Llanfair House Care and Rehabilitation Center is named in the complaint because it is another judgment creditor of defendants; this defendant did not participate in this appeal. For simplicity, for the balance of this opinion the term "defendants" refers only to Carmine E. Giordano and Sheryl A. Giordano.

2

OneWest Bank, FSB (OneWest).  On June 27, 2012, OneWest filed the within action, alleging defendants defaulted on their mortgage in September 2009 and remained in default.

While the litigation was still pending, on September 15, 2014, OneWest assigned the mortgage back to plaintiff Indymac Venture, LLC.  On December 9, 2014, the court entered an order stating the complaint and all subsequent pleadings were amended to reflect that plaintiff is IndyMac Venture, LLC.

During the litigation, various motions were filed that resulted in the orders defendants now appeal.  We surmise these were the only orders before the entry of final judgment.  We review those motions and the ensuing orders, but for the sake of brevity exclude reference to any issue in those motions not relevant to the arguments defendants raise on appeal.

Order of April 19, 2013 - In 2013, plaintiff filed a motion for summary judgment, which also included a request to amend the complaint to name a judgment creditor inadvertently excluded from the complaint.  In their response, defendants claimed plaintiff lacked standing to file the complaint because it was not in possession of the mortgage when the complaint was filed.  In its reply, plaintiff pointed out defendants failed to support its claim with any evidence.

3

On April 19, 2013, the court struck defendants' answer and entered default against them; granted plaintiff permission to amend the complaint in the manner requested; and permitted plaintiff to seek judgment through the Office of Foreclosure as an uncontested action. The order stated the court's reasons were set forth on the record, but defendants failed to include a copy of the transcript of the court's decision in the record.

Plaintiff promptly filed an amended complaint, to which defendants filed an answer asserting various defenses, including that plaintiff did not have standing.

Order of April 1, 2014 - In 2014, plaintiff filed another motion for summary judgment, essentially arguing it was entitled to the entry of a judgment of foreclosure because it was the holder of defendants' mortgage, defendants defaulted on the mortgage, and there were no facts to support any of the defenses in defendants' answer.

Defendants filed a response and a cross motion to dismiss the complaint. Defendants did not contest there was in fact an assignment of the mortgage to OneWest before it filed its complaint in foreclosure. Instead, defendants claimed OneWest had previously taken the position the mortgage had been assigned to it in 2009, rendering OneWest's subsequent claim it was assigned the mortgage in 2012 inconsistent and untrustworthy.

4

Defendants further contended all signatures affixed to any previous assignments and allonges were forged.

We note here it is clear from a review of the record defendants simply misunderstood the documentary evidence, which demonstrates Onewest was assigned the mortgage in January 2012, before the complaint was filed in June 2012. Even if OneWest had taken the position it obtained the mortgage in 2009, the fact remains OneWest was in possession of the mortgage when it filed its complaint.

Defendants also argued the Notice of Intention to Foreclose (NOI) was defective because it stated IndyMac Mortgage Services, not OneWest, was the holder of the mortgage. There is no dispute IndyMac Mortgage Services is a division of OneWest.

In its decision, the court found the technical error in the NOI insignificant. After noting "IndyMac, [is] now a part of One West," the court stated, "[i]f there is a technical inadequacy of the NOI, applying princi[ples] of equity to both plaintiff and defendant, I will not require a new NOI or require the plaintiff to withhold for 2 months an application to enter final judgment . . . . [T]he default date is September 1, 2009." Finding defendants failed to produce any material facts to support their remaining arguments, the court denied defendants' cross motion.

5

The court struck defendants' answer and entered default against them. The court also permitted the matter to proceed to the Office of Foreclosure for further disposition. See R. 4:64-1(d).

Order of December 9, 2014 — As previously stated, on this date the court entered an order finding the complaint and all subsequent pleadings deemed amended to state plaintiff is IndyMac Venture, LLC. Defendants did not provide in its record a copy of the court's decision.

Order of March 20, 2015 — Defendants filed a motion to reconsider the April 1, 2014 and December 9, 2014 orders. Citing D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990), the court denied the motion on the ground defendants failed to bring any new evidence or law to the court's attention.

Order of April 29, 2016 — Plaintiff filed a motion for entry of final judgment with the Office of Foreclosure, pursuant to Rule 4:64-1(d). Defendants responded by filing a motion to fix the amount due, challenging the sufficiency of plaintiff's proofs in its certification in support of its motion for entry of final judgment.

The court denied defendants' objection, noting they failed to produce any evidence contesting the amount due. On May 20,

6

2016, the court entered final judgment in favor of plaintiff and against defendants.

II

On appeal, defendants assert the following arguments for our consideration:

> POINT I - THE TRIAL COURT ERRED IN ITS CONCLUSION THAT ONEWEST BANK HAD STANDING TO FILE THE COMPLAINT.
>
> POINT II - INADEQUATE CERTIFICATION TO SUPPORT SUMMARY JUDGMENT.
>
> POINT III - THE NOTICE OF INTENTION TO FORECLOSE IS DEFECTIVE.
>
> POINT IV - THE COMPLAINT MUST BE DISMISSED UNDER THE UNCLEAN HANDS DOCTRINE.

Having scrutinized the record and applicable legal authority, we are satisfied none of defendants' arguments possesses sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We note some of the arguments were not raised before the trial court and, generally, "an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012). Defendants do not articulate any argument in support of its third argument point, and their remaining arguments are not supported by the record. We add only the following brief comment.

7

OneWest demonstrated its standing to foreclose the mortgage based upon its assignment of the mortgage from IndyMac Venture. Upon that assignment, plaintiff became the holder of the mortgage. The assignment predated the filing of the foreclosure complaint. As holder of the mortgage, OneWest had standing to file a complaint in foreclosure and enforce the mortgage in this foreclosure proceeding. See Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8